UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 12-259 |
| DORIAN GIVENS | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant Dorian Givens' pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motion is DENIED.

I.

Where release would otherwise be statutorily justified, § 3582(c)(1)(A) enables courts to "reduce [a defendant's] term of imprisonment"

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility*, whichever is earlier.

Id. (emphasis added).

The Director of the Bureau of Prisons has not filed this motion on Givens' behalf.  Thus, the Court may only grant Givens' motion if – among other reasons – Givens has complied with the

1

emphasized administrative exhaustion requirement above.[1]  Here, it is not clear that Givens has done so.

Although Givens claims that he "submitted a request to Yazoo City Low Warden Reiser and asked him to petition the court on his behalf" in or around May 2020, the Bureau of Prisons "has affirmed that no such request was received."  Compare Mot. at 2, with Opp. at 15.

## II.

Even assuming that Givens *has* exhausted his administrative remedies, his motion fares no better on the merits.  Generalized fears about COVID-19 do not justify compassionate release,[2] and Givens admits he has already contracted the virus.  See Mot. at 2 ("During the pendency of his administrative remedy, Defendant contracted COVID-19.").

In short, there are no "extraordinary and compelling reasons" for a reduction of Givens' sentence.  See 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1]  The Fifth Circuit has observed the mandatory nature of this requirement.  See United States v. Franco, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020).

[2]  See, e.g., United States v. Williams, 2020 WL 5311383, at *1 (E.D. La. Sept. 4, 2020).  Like the defendant in Williams, Givens has not identified any medical condition that might lead the Court to find that COVID-19 poses a greater threat to Givens than Givens poses to society.  Recall that Givens pled guilty to conspiring to distribute 28 grams or more of crack cocaine.

\* \* \*

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, October 5, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE