UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 12-259 |
| DORIAN GIVENS | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant Dorian Givens' second pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  For the following reasons, the motion is DENIED.

I.

On October 5, 2020, this Court denied Givens' first motion for compassionate release.  Among other grounds for that denial, the Court – accepting the Government's presumably good-faith representation – observed that it appeared that Givens had not complied with the administrative exhaustion requirements of § 3582(c)(1)(A).  See Order and Reasons at 1–2, United States v. Givens, No. CR-12-259 (E.D. La. Oct. 5, 2020).

Givens' latest filing, the renewed motion at hand, confirms that someone in the government was sorely mistaken on that point. Givens' present motion is a one-page message he apparently sent his prison's warden on May 15, 2020.  The very first sentence of

1

that message, which does appear genuine, bears the following statement by Givens:

> I am writing to ask that you [] petition the court on my behalf for a Reduction In Sentence or Compassionate Release, per OPI:5050.50, due to the extraordinary and compelling circumstance of the COVID-19 public health crisis that has swept through this institution and Bureau as a whole, at an alarming rate.

See Mot. at 2 (genuine-looking message from Givens to "Warden Reiser," evidently sent on May 15, 2020).

As such, Givens' present motion appears to indicate that Givens was correct that he *did* in fact "submit[] a request to Yazoo City Low Warden Reiser and asked him to petition the court on his behalf" in or around May 2020.  See First Mot. at 2.

Accordingly, the Court assumes arguendo that Givens *has* exhausted his administrative remedies.

II.

With apologies to Givens on behalf of the federal government, the Court is nonetheless compelled to deny Givens' present motion for the reasons stated in Part II of the Court's October 5 Order and Reasons.  As the Court noted there, "[g]eneralized fears about COVID-19 do not justify compassionate release, and Givens admits he has already contracted the virus."  See Oct. 5 Order and Reasons at 2; id. at 2 n.2 ("Like the defendant in [United States v. Williams, 2020 WL 5311383, at *1 (E.D. La. Sept. 4, 2020)], Givens has not identified any medical condition that might lead the Court

2

to find that COVID-19 poses a greater threat to Givens than Givens poses to society. Recall that Givens pled guilty to conspiring to distribute 28 grams or more of crack cocaine.").

Just one week ago, these facts drove another section of this court to deny Givens' motion for compassionate release in another action in which Givens was convicted. See United States v. Givens, 2020 WL 6196017, at *4 (E.D. La. Oct. 22, 2020) (Morgan, J.) ("Givens argues extraordinary and compelling reasons are present due to the rate of COVID-19 infection where he is currently incarcerated and due to general concerns regarding the virus. Givens is 33 years old and has pointed to no chronic health conditions that would heighten the risk posed to him by COVID-19. Givens notes that he has already contracted COVID-19. Numerous courts have concluded that a general concern regarding possible COVID-19 infection does not warrant a sentence reduction under § 3582. The Court agrees."). This Court agrees as well.

*   *   *

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, October 29, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE