UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

v.                                                    NO. 12-259

DORIAN GIVENS                                         SECTION "F"

ORDER AND REASONS

Before the Court is Dorian Given's 28 U.S.C. § 2255 motion to vacate his sentence. For the following reasons, the motion is DENIED, and no certificate of appealability shall issue.

**Background**

Mr. Givens is currently serving an 84-month sentence related to conspiracies to distribute heroin and crack cocaine. In 2012, Mr. Givens was charged – and pled guilty to – these conspiracies. He was sentenced to 57 months imprisonment to be followed by supervised release. Mr. Givens was subject to four years of supervised release. Running concurrently with that four-year term were two three-year terms relating to specific charges to which he pleaded guilty. After a reduction in sentence relating to changes in the guidelines, he was released from prison in early 2016.

Shortly thereafter, this Court issued a warrant for Mr. Givens' arrest, as his probation officer reported that Mr. Givens

had twice tested positive for drug use and had been caught by local law enforcement with a gun. He thereafter failed to report to his probation officer or appear in state court for a proceeding relating to his possession of a firearm. Roughly six months after the warrant was issued, Mr. Givens was located and arrested.

Mr. Givens then pled guilty to charges relating to his possession of a firearm and was sentenced to two 30-month sentences, which are being served concurrently. He stipulated to violations of his supervised release in this Court and, in a revocation hearing, was sentenced to the statutory maximum on each count, each running consecutively to the other, which resulted in the current total of 84 months. Mr. Givens appealed to the Fifth Circuit, asserting procedural and substantive errors by this Court. The Fifth Circuit affirmed Mr. Givens' sentence, and the Supreme Court denied cert. A year and a half later, this motion followed.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.[1] "Relief under 28 U.S.C. § 2255 is reserved for

---

[1] Section 2255 identifies only four bases that might support a motion to vacate: (1) the sentence was imposed in violation of the

transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5 Cir. 1996)(citations and internal quotation marks omitted).  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." United States v. Addonizio, 442 U.S. 178, 185 (1979).

The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing."  28 U.S.C. § 2255.  Having considered the record, the motion, and the government's responses, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law.  Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5 Cir. 1995)("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary....").

---

Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  Id.

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. <u>Wright v. United States</u>, 624 F.2d 557, 558 (5th Cir. 1980)(citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## II.

A petitioner has one year within which to file his habeas corpus claim. 28 U.S.C. § 2255(f). This one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u> If a petitioner fails to file his § 2255 motion within the applicable one-year period, the Court must dismiss the petition as untimely.

Mr. Givens' judgment became final when the Supreme Court denied his petition for a writ of certiorari on May 13, 2019. As

such, Mr. Givens had until May 13, 2020 to file his habeas motion. His motion was tendered for filing on December 21, 2020, well beyond the May deadline. However, Mr. Givens certifies under penalty of perjury that he placed his motion in the prison mailing system on April 28, 2020, which would be timely. The government contests this certification, saying that Mr. Givens has failed to carry his burden of showing that his motion is timely. See United States v. Duran, 934 F.3d 407, 412 (5 Cir. 2019) ("the burden is on the pro se prisoner to show when his pleading was tendered to prison officials for delivery to the court").

"Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." Duran, 934 F.3d at 412. The government notes that the prison in which Mr. Givens is housed maintains a legal mailing system in which legal mail is stamped with a date indicating the day on which prison staff receives legal mail from the inmate. No such stamp appears on the mailing by which this motion was filed, suggesting that Mr. Givens did not use the legal mailing system. As the government points out, other courts have denied motions as untimely where movants failed to use a prison's established legal mailing system. See, e.g., United States v. Williams, 2011 U.S. Dist. LEXIS 34086 (W.D. La 2011), *10-11 (where "[t]here is nothing in the record to establish that [defendant] complied with established prison mail procedures," defendant is

5

not entitled to the benefits of the prison mailbox rule), see also United States v. Reynolds, 2007 U.S. Dist. LEXIS 47568, (W.D. La. 2007), *4 ("if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule").

The Court is inclined to agree with the government that Mr. Givens has not carried his burden; however, cognizant of the many difficulties prisoners face in sending out mailings,[2] the Court would prefer to underscore more clarity as to the facts surrounding this filing. Mr. Givens could have filed a reply to the government's opposition by which he could have attempted to uphold his burden. In fact, Mr. Givens requested and was granted two extensions of time to file a reply. Mr. Givens' final deadline to file a reply – August 4th – was nearly six months after the government's response, which was filed February 8th. Mr. Givens filed no reply. However, as the Court finds that it can dispose of this motion on other grounds it is unnecessary to make a definitive ruling on the timeliness of Mr. Givens' motion.

### III.

Even if Mr. Givens' motion is timely, it is barred by his plea agreement. In relevant part, Mr. Givens agreed to "[w]aive[]

---

[2] The Court notes that there have been various issues surrounding mailings in this case, which contributes to the Court's reluctance to make a ruling on timeliness in this motion.

6

and give[] up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241."[3] Mr. Givens signed this plea agreement and represented that he was aware of its contents. The Court is not aware of any reason to consider the guilty plea invalid, and this Court (and the Fifth Circuit) uphold such waivers as a matter of course. See, e.g., United States v. Crain, 877 F.3d 637 (5 Cir. 2017). As such, Mr. Givens' motion is barred by application of his plea agreement.[4]

IV.

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

---

[3] The plea agreement carved out from this waiver "a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of … collateral challenge rights or the validity of the guilty plea itself." This carve-out is not applicable to this motion as it contains no such assertions.

[4] Because the Court denies Mr. Givens' motion on procedural grounds, it need not address the substance of his motion at length. However, the Court sees no merit in Mr. Givens' substantive assertions. The Fifth Circuit upheld this Court's sentence on appeal, which suggests that counsel's alleged errors did not prejudice Mr. Givens' case. Further, the "concurrent sentence doctrine" has no applicability to this proceeding.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). As Mr. Givens has not demonstrated denial of a constitutional right, the Court declines to issue a certificate of appealability.

***

Accordingly, for the foregoing reasons, IT IS ORDERED that Mr. Givens' motion is DENIED. IT IS FURTHER ORDERED: that, because Mr. Givens has failed to make the requisite showing, the Court shall not issue a certificate of appealability.

New Orleans, Louisiana, October 5, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE